

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

JOSEPH J. SALTARELLI
DIRECT DIAL: 212 • 309 • 1048
EMAIL: jsaltarelli@hunton.com

March 8, 2018

**Via ECF**

Hon. Edgardo Ramos, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Application of Antonio Del Valle Ruiz et al*, No. 1:18-mc-00085-ER

Dear Judge Ramos:

      We represent Banco Santander, S.A., Santander Holdings U.S.A., Inc., and Santander Bank N.A. (collectively the "Santander Parties") and respectfully write, pursuant to your Individual Rule 2(A)(ii), to request a pre-motion conference regarding the Santander Parties' anticipated motion to intervene in this action. The applicants[1] commenced this action to obtain voluminous third-party discovery from the Santander Parties purportedly in aid of two foreign proceedings: pending litigation before the General Court of the Court of Justice of the European Union and a "recently notified" arbitration against the Kingdom of Spain. The Santander Parties wish to intervene in this action and oppose the application or, in the alternative, move to quash the subpoenas if issued.

<u>The Santander Parties Have a Right to Intervene Pursuant to Federal Rule of Civil Procedure 24(a).</u>

      "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999).

---

[1] The applicants are listed in Appendix A to the application. *See* ECF No. 1.

**HUNTON&**
**WILLIAMS**

Hon. Edgardo Ramos
March 8, 2018
Page 2

      In this case, the applicants ask the Court to grant their application and petition for discovery in aid of two foreign proceedings pursuant to 28 U.S.C. § 1782. The proposed subpoenas seek voluminous document discovery and testimony from the three Santander Parties. Accordingly, the Santander Parties have a critical interest in the action, and disposition of the application without affording the Santander Parties the opportunity to be heard would obviously affect their ability to protect that interest. Courts have recognized as much, granting intervention in cases involving requests for judicial assistance under 28 U.S.C. § 1782. *See, e.g., JAS Forwarding (USA), Inc. v. Jet Air Serv. Equador S.A.*, 747 F.3d 1262, 1267 (11th Cir. 2014) (target permitted to intervene to quash subpoena for discovery to be used in future foreign proceedings); *In re Hanwha Azdel, Inc.*, 979 F. Supp. 2d 178, 180 (D. Mass. 2013) (granting Rule 24(a)(2) intervenor's motion to quash subpoenas in § 1782 action). Accordingly, the Santander Parties should be allowed to intervene in this action and oppose the application or, in the alternative, to move to quash the subpoenas.

<u>Alternatively, the Court Should Permit the Santander Parties to Intervene Pursuant to Federal Rule of Civil Procedure 24(b).</u>

      Alternatively, the Santander Parties move to intervene pursuant to Rule 24(b), which authorizes the court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties). Courts have relied upon Rule 24(b) in granting motions to intervene in 28 U.S.C. § 1782 actions. *See, e.g., In re Grupo Unidos Por El Canal S.A.*, No. 14–mc–80277–JST, 2015 WL 1815251, at *6 (N.D. Cal. Apr. 21, 2015) (granting motion to intervene in 28 U.S.C. § 1782 action).

      Here, the motion to intervene would be timely, as this action was commenced only two days ago. The Santander Parties' intervention will not delay or prejudice the adjudication of rights, as they propose that the Court establish a briefing schedule by which to resolve its opposition to the application and its objections to the subpoenas. Finally, the Santander Parties present common issues of fact and law with the application, *i.e.* whether the statutory factors under 28 U.S.C. § 1782 have been satisfied, and whether this Court should exercise its discretion to permit discovery pursuant to *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The requirements for permissive intervention are therefore satisfied.

\*\*\*



Hon. Edgardo Ramos
March 8, 2018
Page 3

      For the foregoing reasons, the Santander Parties are proper parties, and this Court should permit them to intervene in this action. The Santander Parties also propose that the Court issue a briefing schedule on the applicants' application and petition under 28 U.S.C. § 1782.

Very truly yours,

Joseph J. Saltarelli

cc:    All counsel of record