UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF ANTONIO DEL VALLE RUIZ AND OTHERS FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782,

                Petitioners,

Case No. 18 Misc. 85 (ER)

**DECLARATION OF JAVIER H. RUBINSTEIN**

---

I, Javier H. Rubinstein, declare the following pursuant to 28 U.S.C. §1746:

1.　　I am a Partner in the law firm of Kirkland & Ellis LLP, and counsel of record for Petitioners. This Declaration is based on my personal knowledge and review of records.

2.　　On April 17, 2018, I sent a letter to counsel for Respondents via email. In that letter, I noted that Respondents had attached to their Response Memorandum filing confirmations from the General Court of the European Union for applications to intervene that Santander had made for itself and for Banco Popular Español S.A. I informed counsel for Respondents that Petitioners were not previously aware of the applications to intervene because Petitioners have not been served with the applications or notified by the Court that they had been filed. I requested that counsel for Respondents provide copies of the applications to intervene so that Petitioners could understand the basis upon Santander and Banco Popular were seeking to intervene. A true and accurate copy of my April 17 letter and the cover email are attached hereto as **Exhibit 1**.

3.　　On April 18, 2018, I received a letter response from counsel for Respondents, via email. In that letter, Respondents refused to provide copies of the applications, stating that "[w] do not believe these applications have any relevance here." Respondents' counsel also stated that "both Santander and Popular are restricted from disclosing the applications without leave of

the General Court." A true and accurate copy of that letter and the cover email are attached hereto as **Exhibit 2**.

4.      On April 23, 2018, I sent a letter to Respondents' counsel via email attaching a proposed Protective Order governing confidential information, based on the Sedona Conference's *International Litigation Principles on Discovery, Disclosure & Data Protection in Civil Litigation (Transitional Edition)*, together with a proposed eDiscovery protocol to streamline the discovery process.  In that letter, I also proposed to meet and confer with the Respondents regarding their burden and intrusiveness contentions in their Response brief. A true and accurate copy of that letter is attached hereto as **Exhibit 3**.

5.      On April 26, 2018, I received a letter from Respondents' counsel via email in response to my April 23, 2018, letter. In that letter, Respondents' counsel claimed that a protective order would not resolve its confidentiality concerns. Respondents' counsel also stated that Respondents would not meet and confer concerning Respondents' burden and intrusiveness contentions, claiming that doing so would be "premature." A true and accurate copy of that letter is attached hereto as **Exhibit 4**.

6.      Later on April 26, 2018, I sent a letter to Respondents' counsel via email in response to their letter earlier that day. In that letter, I noted that the provisions of EU law on which Santander was relying are inapplicable in the circumstances of this case. I noted that Article 339 TFEU applies only to "[t]he members of the institutions of the Union, the members of committees, and the officials and other servants of the Union," not to private parties like Santander, and Article 88.1 of the SRM Regulation and Article 84.(6) of Directive 2015/59 state that their restrictions do not apply "where such disclosure is due for the purpose of legal proceedings." A true and accurate copy of that letter is attached hereto as **Exhibit 5**.

7.      Since the filing of Petitioners' Section 1782 application in this matter, and in reference to Pedro Rubio's declaration (at pages 6-14) regarding Santander's control of Banco Popular

following the June 7, 2017 resolution of Banco Popular, Santander publicly announced on April 24, 2018 that it has agreed with Banco Popular to complete the absorption of Banco Popular. Attached hereto as **Exhibit 6** is a true and correct copy of Santander's Material Fact filing dated April 24, 2018, announcing "that its Board of Directors and that of Banco Popular Español, S.A.U. ('Banco Popular') have agreed the merger by absorption of Banco Popular by Banco Santander, pursuant to the procedure established in Articles 49 and 51 of the Spanish Structural Modifications Law (the 'Merger)."

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Palm Desert, California, on April 26, 2018.

_____

Javier H. Rubinstein

**<u>CERTIFICATE OF SERVICE</u>**

I hereby CERTIFY that the foregoing document was electronically filed with the

Clerk of the Court using the Court's CM/ECF system, which will send a Notice of Electronic

Filing to all counsel of record.

This 26th day of April 2018.

<u>/s/ Javier H. Rubinstein</u>
Javier H. Rubinstein