WILMERHALE

May 30, 2018

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re Application of Antonio de Valle Ruiz and Others*, Dkt. No. 1:18-mc-00085-ER;
*In Re Application of Pac. Inv. Mgmt. Co. LLC & Anchorage Capital Grp., LLC*,
Dkt. No. 1:18-mc-00127-ER

Dear Judge Ramos:

Our firm represents the European Commission (the "Commission"), an institution of the European Union (the "EU") entrusted with representing the EU before international courts and before the courts of other countries. Pursuant to Your Honor's Individual Practices and Section 13.1 of the Electronic Case Filing Rules & Instructions, the Commission respectfully seeks leave to file an *amicus* brief in the above-captioned applications. The Commission, acting on behalf of the EU, wishes to advance the EU's interest in maintaining the confidentiality of materials originated by various EU institutions and bodies, which appear to be among the materials sought in the applications. The Commission takes no position on any broader disclosure sought by the applications and supports no party in these matters. The Commission respectfully requests to file on June 14, 2018, the due date of Petitioners' Reply in No. 1:18-mc-00127-ER. *See* Dkt. 27.

As Your Honor has previously explained:

> There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court. Resolution of a motion for leave to file an *amicus* brief thus lies in the firm discretion of the district court. . . . An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . , or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (citations and internal quotation marks omitted).

Each ground for allowing an *amicus* brief applies here. The Commission is not represented in this case. It has a substantial interest in the proceedings at issue in Petitioners' applications under 28 U.S.C. § 1782. *See, e.g.*, Memorandum of Law (18-mc-127, ECF No. 5) 13-14 (explaining that Petitioners seek § 1782 discovery to aid actions against the Commission under EU law). Whether Your Honor denies or grants relief, the Court's decision will necessarily

WILMERHALE

May 30, 2018
Page 2

affect the Commission's position and that of other EU institutions and bodies, including the European Central Bank and the Single Resolution Board. *See id.* at 24 (arguing that information sought goes to "the very issues at stake" in the action against the Commission); *see also* Declaration of Peter Calamari (18-mc-127, ECF No. 8) ¶¶ 61, 67; *id.*, App. A. The Commission also has access to "unique information" and a critical "perspective" on the most sensitive issues implicated by the applications, concerning the confidentiality of EU materials, "beyond" what "the parties are able to provide." *C & A Carbone*, 2014 WL 1202699, at *3. The Commission's *amicus* brief will thus "ensure . . . a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Id.* at *4 (internal quotation marks omitted).

The Commission is regularly granted leave to file *amicus* briefs addressing issues of confidentiality, international comity, and discovery. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 304 n.21 (2d Cir. 2015) (noting Commission's participation as *amicus* in § 1782 case before the Supreme Court); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (JG), 2010 WL 3420517, at *1, 9 (E.D.N.Y. Aug. 27, 2010) (based on Commission's *amicus* brief, "find[ing] that the Commission's interest in confidentiality outweighs the plaintiffs' interest in discovery of the European litigation documents"); *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 n.2, 1084 (N.D. Cal. 2007)). The Commission respectfully submits that it should be permitted to submit a brief here for similar reasons.

We have conferred with counsel for all parties to the above-captioned applications. Counsel for respondents do not oppose the filing of the requested *amicus* brief. Counsel for applicants stated that they have not taken a position at this time but may advance one after considering this letter.

The Commission appreciates the Court's consideration of this request.

Respectfully submitted,

David Sapir Lesser

cc: All counsel of record (via ECF)